**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

DEC 02 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL JUAREZ-ROMERO, | No. 08-73552 |
| Petitioner, | Agency No. A093-469-440 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2009
Seattle, Washington

Before: ALARCÓN, KLEINFELD and CLIFTON, Circuit Judges.

Miguel Juarez-Romero petitions for review of the dismissal by the Board of

Immigration Appeals of his appeal from the Immigration Judge's order of removal

based on his November 2006 conviction for identity theft in the first degree. See

WASH. REV. CODE. § 9.35.020 (1) and (2) (2006). We deny his petition for review.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Juarez asserts that the BIA erred by concluding that his statute of conviction was a crime involving moral turpitude. We conclude that Juarez's statute of conviction categorically describes a crime involving moral turpitude and therefore deny his petition for review.

A crime involving fraud is a crime involving moral turpitude. <u>Navarro-Lopez v. Gonzales</u>, 503 F.3d 1063, 1074 (9th Cir. 2007) (en banc). Washington's identity theft statute describes a form of fraud, specifically the knowing use of another person's identification to obtain something of value (in excess of $1,500 of value) with the intent to commit (or to aid and abet) any crime. Although the intent required by the statute is "the intent to commit a crime" rather than the intent to defraud, petitioner has failed to identify any application of the statute that would not constitute fraud. <u>See</u> <u>Gonzales v. Duenas-Alvarez</u>, 549 U.S. 183, 193 (2002). We have not found any. <u>See</u> e.g. <u>State v. Leyda</u>, 157 Wash. 2d 335, 138 P.3d 610 (Wash. 2006); <u>State v. Acrey</u>, 135 Wash. App 938, 146 P.3d 1215 (Wash. App. Div. 1, 2006). Thus, the BIA did not err when it determined that Juarez's statute of conviction was categorically a crime involving moral turpitude and dismissed his appeal.

PETITION DENIED.